Safia A. Anand
Martin J. Feinberg
OLSHAN FROME WOLOSKY LLP
744 Broad Street
Newark, NJ 07102
Telephone: (212) 451-2300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BUMBLE AND BUMBLE, LLC,<br><br>                          Plaintiff,<br><br>                -against-<br><br>HARMON STORES, INC.,<br><br>                          Defendant. | Civil Action No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK COUNTERFEITING,
TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN
AND FALSE ADVERTISING, TRADEMARK DILUTION,
COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION,
AND VIOLATION OF N.J. STAT. §§ 56:3-13.16 *et seq.*, 56:3-13.20 and § 56:4-1 *et seq.*__

      Plaintiff Bumble and Bumble, LLC ("Bumble and Bumble" or "Plaintiff"), by its attorneys Olshan Frome Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**NATURE OF THE ACTION**

      1.    This is an action for trademark counterfeiting, trademark infringement, false designation of origin and false advertising, trademark dilution, common law trademark infringement and unfair competition in violation of the laws of the United States and the State of New Jersey. Bumble and Bumble seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and related claims under the statutory and common law of the State of New Jersey. Venue is properly founded in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3.  Bumble and Bumble is a New York limited liability company with its principal place of business at 767 Fifth Avenue, New York, New York 10153.

4.  Harmon Stores, Inc. ("Harmon" or "Defendant") is a Delaware corporation with its principal place of business at 650 Liberty Avenue, Union, New Jersey 07083. Harmon has advertised, distributed, offered for sale, and/or sold the infringing goods at issue in this case and regularly conducts business in New Jersey and within this judicial district.

## BUMBLE AND BUMBLE'S FAMOUS TRADEMARKS

5.  Bumble and Bumble, directly and by and through its affiliates and agents, is engaged in the distribution and sale in interstate commerce of luxury beauty products, including hair care products, that are sold by Bumble and Bumble throughout the United States only in select prestigious retail locations and high-end salons.

6.  Since 1992, Bumble and Bumble products have been widely promoted, offered for sale and sold throughout the United States under various trademarks. Bumble and Bumble's famous trademarks include, among others, "BUMBLE AND BUMBLE" and the Stylized "Bb." The Bumble and Bumble trademarks have, at all times, been owned exclusively by Bumble and Bumble and its predecessors.

7. The Bumble and Bumble trademarks include, but are not limited to, the following registrations in the United States Patent and Trademark Office (hereinafter collectively, the "Bumble and Bumble Trademarks"):

| Trademark | Reg. No. | Reg. Date |
|---|---|---|
| BUMBLE AND BUMBLE | 2,925,245 | 2/8/05 |
| *Bb.* | 3,385,377 | 2/19/08 |

Copies of the registrations of the Bumble and Bumble Trademarks are attached hereto as Exhibit A.

8. The foregoing registrations are valid and subsisting and are in full force and effect.

9. As a result of their exclusive and extensive use, the Bumble and Bumble Trademarks have acquired enormous value and recognition in the United States and throughout the world, and are among the top echelon of the most famous trademarks in the world. The Bumble and Bumble Trademarks are well known to the consuming public and trade as identifying and distinguishing Bumble and Bumble exclusively and uniquely as the source and origin of the luxury goods to which they are applied. The Bumble and Bumble Trademarks are both inherently distinctive and famous.

### DEFENDANT'S WRONGFUL ACTIVITIES

10. Defendant, without the consent of Bumble and Bumble, has advertised, distributed, offered for sale and/or sold in interstate commerce, hair care products bearing counterfeits and infringements of the Bumble and Bumble Trademarks.

11. Long after Plaintiff's adoption and use of its trademarks on hair care products, and long after Plaintiff's federal registration of its trademarks, Defendant commenced the

3

1999341-1

advertisement, distribution, offer for sale and sale of hair care products bearing counterfeits and infringements of the Bumble and Bumble Trademarks as those trademarks appear on Plaintiff's products and as shown in the U.S. Trademark Registrations attached to this Complaint.

12. The acts of Defendant in advertising, distributing, offering for sale and/or selling in interstate commerce goods bearing infringements and counterfeits of the Bumble and Bumble Trademarks: (a) are likely to cause confusion and mistake among the consuming public that all such goods originate with Bumble and Bumble, (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendant with Bumble and Bumble, (c) are likely to cause confusion and mistake among the consuming public that said goods and services are being offered to the consuming public with the sponsorship or approval of Bumble and Bumble, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the Bumble and Bumble Trademarks.

13. Defendant advertised, distributed, and sold the goods knowing the goods bore infringements and counterfeits of the Bumble and Bumble Trademarks, or willfully ignored whether the goods bore counterfeits and/or infringements of the Bumble and Bumble Trademarks. Defendant engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendant, the benefit of the enormous goodwill associated with the Bumble and Bumble Trademarks. The aforementioned acts of Defendant are also likely to dilute, and have diluted, the distinctive quality of the Bumble and Bumble Trademarks.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK COUNTERFEITING)**

14. Bumble and Bumble repeats each and every allegation set forth in paragraphs 1 through 13 above as if fully set forth herein.

4

1999341-1

15. The Bumble and Bumble Trademarks, as they are being used by Defendant, are identical to or substantially indistinguishable from the registered Bumble and Bumble Trademarks. Accordingly, Defendant has engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

16. Such conduct on the part of Defendant has injured Bumble and Bumble in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Bumble and Bumble, for which Bumble and Bumble has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT)

17. Bumble and Bumble repeats each and every allegation set forth in paragraphs 1 through 16 above as if fully set forth herein.

18. Defendant's use of the Bumble and Bumble Trademarks, without Bumble and Bumble's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods bearing counterfeit and/or infringing Bumble and Bumble Trademarks.

19. Such conduct on the part of Defendant has injured Bumble and Bumble in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Bumble and Bumble for which Bumble and Bumble has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING)

20. Bumble and Bumble repeats each and every allegation set forth in paragraphs 1 through 19 above as if fully set forth herein.

5

1999341-1

21. Defendant's use of the Bumble and Bumble Trademarks, without Bumble and Bumble's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods distributed, sold and offered for sale by Defendant bearing counterfeit and/or infringing Bumble and Bumble Trademarks.

22. Such conduct on the part of Defendant has injured Bumble and Bumble in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Bumble and Bumble, for which Bumble and Bumble has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (TRADEMARK DILUTION)

23. Bumble and Bumble repeats each and every allegation set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. The Bumble and Bumble Trademarks are famous and inherently distinctive. Bumble and Bumble and its affiliates, in connection with the promotion and sale of their products, have used the Bumble and Bumble Trademarks for more than a decade on both a national and international basis. As a result of Bumble and Bumble's extensive and substantial promotion of the Bumble and Bumble Trademarks, the consuming public and trade have come to associate these Bumble and Bumble Trademarks uniquely and distinctly with Bumble and Bumble and its high quality merchandise.

25. Long after the Bumble and Bumble Trademarks became famous, Defendant, without authority from Bumble and Bumble, used unauthorized reproductions, counterfeits,

1999341-1

copies and colorable imitations of the Bumble and Bumble Trademarks and thereby caused, and is causing, the actual dilution of the distinctive qualities of these registered Trademarks.

26. As a result, Defendant has engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

27. Such conduct on the part of Defendant has injured Bumble and Bumble in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Bumble and Bumble, for which Bumble and Bumble has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

28. Bumble and Bumble repeats each and every allegation set forth in paragraphs 1 through 27 above as if fully set forth herein.

29. The aforementioned acts of Defendant constitute trademark infringement and unfair competition in violation of the common law of the State of New Jersey.

30. Such conduct on the part of Defendant has injured Bumble and Bumble in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Bumble and Bumble, for which Bumble and Bumble has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (COUNTERFEITING (N.J. STAT. § 56:3-13.16, *et seq.*))

31. Bumble and Bumble repeats each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. The aforementioned acts of Defendant constitute trademark counterfeiting in violation of N.J. Stat. § 56:3-13.16, *et seq.*

33. Defendant's misconduct has injured Bumble and Bumble in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Bumble and Bumble, for which Bumble and Bumble has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### (DILUTION (N.J. STAT. § 56:3-13.20))

34. Bumble and Bumble repeats each and every allegation set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. Long after the Bumble and Bumble Trademarks became famous, Defendant, without authority from Bumble and Bumble, willfully used unauthorized reproductions, counterfeits, copies and colorable imitations of the Bumble and Bumble Trademarks and thereby caused, and is causing, the actual dilution of the distinctive qualities of these registered Trademarks.

36. The aforementioned acts of Defendant constitute willful trademark dilution in violation of N.J. Stat. § 56:3-13.20.

37. Defendant's misconduct has injured Bumble and Bumble in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Bumble and Bumble, for which Bumble and Bumble has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION (N.J. STAT. § 56:4-1 *et seq.*))

38. Bumble and Bumble repeats each and every allegation set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. The aforementioned acts of Defendant constitute unfair competition in violation of N.J. Stat. § 56:4-1 *et seq.*

1999341-1

40. Defendant's misconduct has injured Bumble and Bumble in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Bumble and Bumble, for which Bumble and Bumble has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Bumble and Bumble demands judgment as follows:

1. Permanently enjoining and restraining Defendant, its respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

    (a)    imitating, copying or making unauthorized use of the Bumble and Bumble Trademarks;

    (b)    manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the Bumble and Bumble Trademarks;

    (c)    using any unauthorized colorable imitation of the Bumble and Bumble Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any goods in such manner as to relate or connect, or tend to relate or connect, such goods in any way with Bumble and Bumble or to any goods sold, sponsored, approved by, or connected with Bumble and Bumble;

    (d)    using any unauthorized colorable imitation of the Bumble and Bumble Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which

9

1999341-1

dilutes or is likely to dilute Bumble and Bumble's image, trade names or reputation or the distinctive quality of the Bumble and Bumble Trademarks;

(e) engaging in any other activity constituting unfair competition with Bumble and Bumble, or constituting an infringement of the Bumble and Bumble Trademarks or of Bumble and Bumble's rights in, or its right to use or exploit such trademarks, or constituting dilution of the Bumble and Bumble Trademarks, and the reputation and the goodwill associated therewith;

(f) making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Bumble and Bumble, or that is false or misleading with respect to Bumble and Bumble; and

(g) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Bumble and Bumble Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

2. Directing Defendant to (a) recall through individual customer and store notifications the infringing goods at issue; and (b) deliver for destruction all goods, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the Bumble and Bumble Trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has

1999341-1

been offered for sale, sold or otherwise circulated or promoted by Defendant is authorized by Bumble and Bumble or is related to or associated in any way with Bumble and Bumble's products.

4. Requiring Defendant to account and pay over to Bumble and Bumble, all profits realized by its wrongful acts and directing that such profits be trebled due to Defendant's willful actions.

5. Awarding Bumble and Bumble, at its election, statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendant used counterfeits of the Bumble and Bumble Trademarks.

6. Awarding Bumble and Bumble its costs and reasonable attorneys' and investigatory fees, expenses, costs, together with pre-judgment interest.

7. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

8. Awarding Bumble and Bumble such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 11, 2013

                OLSHAN FROME WOLOSKY LLP

                By: _____
                  Safia A. Anand
                  Martin J. Feinberg
                  *Attorneys for Plaintiff*
                  744 Broad Street, 16th Floor
                  Newark, NJ 07102
                  Telephone: (212) 451-2300
                  Facsimile: (212) 451-2222

1999341-1

# EXHIBIT A

Int. Cls.: 3, 41 and 42

Prior U.S. Cls.: 1, 4, 6, 50, 51, 52, 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 2,925,245
Registered Feb. 8, 2005

TRADEMARK
SERVICE MARK
PRINCIPAL REGISTER

## BUMBLE AND BUMBLE

BUMBLE AND BUMBLE LLC (NEW YORK LTD LIAB CO)
146 EAST 56TH STREET
NEW YORK, NY 10022

FOR: HAIR CARE PREPARATIONS, NAMELY SHAMPOOS, CONDITIONERS, ELIXIRS, STYLING CREME, HAIR SPRAY, HAIR GLOSS, HAIR TONIC, HAIR ANTIFRIZZING PREPARATIONS, BRILLIANTINE, STYLINE WAX, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 3-31-1992; IN COMMERCE 3-31-1992.

FOR: EDUCATION SERVICES, NAMELY TEACHING HAIR COLORING, HAIR STYLING AND TECHNIQUES TO OTHERS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-31-1992; IN COMMERCE 1-31-1992.

FOR: PROFESSIONAL HAIR CARE AND BEAUTY SALON SERVICES, NAMELY HAIR CUTTING, STYLING, COLORING, CONDITIONING AND PERMANENT WAVING SERVICES AND THE LIKE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-31-1977; IN COMMERCE 10-31-1977.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,059,432.

SER. NO. 78-357,724, FILED 1-26-2004.

PAULA MAYS, EXAMINING ATTORNEY

Int. Cls.: 3 and 44

Prior U.S. Cls.: 1, 4, 6, 50, 51, 52, 100 and 101

United States Patent and Trademark Office

Reg. No. 3,385,377
Registered Feb. 19, 2008

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



BUMBLE AND BUMBLE LLC (NEW YORK LTD LIAB CO)
146 EAST 56TH STREET
NEW YORK, NY 10022

FOR: HAIR SHAMPOOS, HAIR CONDITIONERS, HAIR ELIXIRS, STYLING CREME, HAIR SPRAY, HAIR GLOSS, HAIR TONIC, HAIR ANTIFRIZZING PREPARATIONS, BRILLIANTINE, STYLING WAX, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 9-30-1992; IN COMMERCE 9-30-1992.

FOR: PROFESSIONAL HAIR CARE AND BEAUTY SALON SERVICES, NAMELY HAIR CUTTING, STYLING, COLORING, CONDITIONING AND PERMANENT WAVING SERVICES, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 4-30-1992; IN COMMERCE 4-30-1992.

OWNER OF U.S. REG. NOS. 2,613,019 AND 2,786,551.

THE MARK CONSISTS OF THE LETTERS BB WITH A PERIOD IN A STYLIZED FORM.

SER. NO. 78-724,150, FILED 9-30-2005.

ADA HAN, EXAMINING ATTORNEY